Hear ye, hear ye. This Honorable Appellate Court for the 2nd District is now open. The Honorable Justice Robert D. McLaren presiding, along with Justices Anne B. Jorgensen and Mary S. Shostak. The case is No. 2-19-0174, People of the State of Illinois, Plaintiff-Appellee v. Ruben Popoca-Garcia, Defendant-Appellant. Arguing for the Appellant, James K. Levin. Arguing for the Appellee, Richard S. London. Thank you. Mr. London, you may proceed. You have 15 minutes. Yes. Good morning, Your Honor. My name is James Levin. Arguing for the Defendant-Appellant. Your Honor, the individual and cumulative impact of the many multiple state errors in this case deprive the defendant of a fair trial. The Defendant-Appellant is asking for relief under both the first prong and the second prong of the Plain Error Rule. To summarize concisely here, the errors here consisted of multiple hearsay statements, multiple improper opinion testimony statements, multiple errors in closing argument rebuttal. Why don't you talk to us about how this evidence was so closely balanced? Well, because there was no witnesses. There were no witnesses other than the complaining witness. So no one observed the defendant engaging. I mean, just because there's one witness, that doesn't necessarily make the evidence closely balanced. There are several factors. So I'd like the opportunity. I wanted to recite the many reasons why the evidence is closely balanced. The fact that there were no other eyewitnesses is one factor. A second factor is there was no physical evidence against the defendant. A third factor is there was no written incriminating confession taken by the police in this case. But he did confess basically to the girlfriend, according to her. That evidence. The mother of his children. Yes, that evidence, I believe, doesn't make it overwhelming because there are a lot of weaknesses in that testimony. The testimony only lasted a couple of lines in a hundreds of page record. So it was only fleeting. There's no foundation for that statement. So we don't know who said what to whom, when it was said, who was around. There was no foundation. And it's unclear whether or not the girlfriend was conveying her opinion that the defendant had made a statement like that. So we don't know that either. And then, of course, that's what this case is in large part about is that there's a lot of improper opinion testimony presented. Plus, the girlfriend only stated that the defendant was with the girl was only with defendant. The statement did not actually state that the defendant engaged in the sexual conduct that he was accused of. I thought he admitted to her that he had sexual relations and he apologized. Well, I would defer to the record. But what I recall, and I have it in my notes today, is that he said to the girlfriend that he was with her. And I think the state's attorney was trying to ask questions directed towards eliciting statements that the defendant apologized. But I don't think the girlfriend actually specifically stated that the defendant apologized to her. And and then again, what did he apologize for? Did he apologize? I don't think there's anything in the record that the girlfriend is specifically stating that the defendant apologized for having sex with the with the girl. So I think not leave and go to Mexico. Is that not evidence? That is evidence. But again, I would argue, as I did in the reply brief, I think I covered this at the very end of the reply brief. But that isn't overwhelming evidence either, because the defendant returned. If he really wanted to escape prosecution, he would have stayed in Mexico, but he didn't. He came back. And in addition, there was evidence brought out that he went there to visit his sick mother in in Mexico, not because he was trying to escape prosecution. So, again, it is evidence that the state could point to. But the question is, is whether or not that evidence is overwhelming. And I don't think it's overwhelming. And I I did point to a case that there weren't a lot of cases that were closely aligned. But there was one case that I did find, and that was the Heron case by the Illinois Supreme Court. And in that case, the Illinois Supreme Court found that the evidence was closely balanced. And even though the defendant had made certain omissions to another witness. So even if there are some statements that could be construed as incriminating, there's a lot of evidence or lack of evidence pointing to the fact that this evidence is not overwhelming. Because it was not at all clear that this evidence was overwhelming or clear and certainly true. I there are a lot of reasons why. Counsel. Your argument, and I believe you're today and your brief seemed very similar to the arguments and defense raised by trial counsel. And that is that there was no corroboration. Only two witnesses testified. The police didn't testify. The investigator for the sexual abuse agency didn't testify. Denise and the daughter didn't testify. And the defendant didn't testify. Right. And so, in order to establish plain error when supposedly a lawyer who is supposed to be competent is supposed to be objecting to things like hearsay and whatever. You normally are supposed to raise ineffectiveness of counsel as plain error, and you haven't done so, to my knowledge. You are arguing the same theory that defense counsel raises but you don't address whether or not that was strategy or effective or ineffective. So, would you comment on how when there is forfeiture, based upon the failure to object to preserve the air to allow what you claim to be inadmissible evidence that is prejudicial. Why is it that you haven't addressed, whether or not it was trial strategy, in part because if the council had objected, then the testimony may not have gone in, or it would have at least been clarified to be non substantive. Well, yes, I believe I did not raise this issue as ineffective assistance, but there are two ways to challenge the errors here and one is through the plain error rule, and another is through an effective assistance of counsel. Ineffective assistance of counsel, as I understand, is often raised in post conviction petitions, where the record is more developed. So whether or not a decision or not as strategic is often played out in a post conviction with the testimony of the attorney, perhaps. Well, it's strategic not to raise it here anyway, right. I thought as appellate counsel, I thought the most promising issue was to raise it as plain error. In fact, you know, you, you, as justice McLaren pointed out the same issues that you're arguing here today were argued before the trial court. We have a jury verdict. How do we reverse that jury verdict on arguments that were already addressed by the trial court. And jury had the opportunity. Again, to judge the witnesses, look at the credibility of the witnesses take into consideration the totality of all of these, these errors that you submit. Were set out, I mean, looking at them individually, maybe, but in the totality, how do you submit that we, as the appellate court reverse the trial court in this case. And on what basis. Well, because I've said a lot of case law to support the thesis that the prosecutor shifted the burden of proof in closing arguments by saying that if that the defendant in order to prevail here for a not guilty verdict would have to prove that the defense state witnesses were lying and that's been condemned. But again, you have to prove either that the evidence was closely balanced or the error was so great that it deprived the defendant of a fair trial in the closing argument, what, what are you submitting that it is. Well, what I say under the first prong of the plan your rule, it's a combination of the individual, and then the cumulative impact of the errors, combined with the closely balanced nature of the evidence under the first prong. And under the second prong referring to the UL case, the second district case that as far as the closing argument remarks are so inflammatory as to deprive the defendant of a fair trial. Also, I refer to the Miller case the 1998 case where there's a combination of improper admission of prior consistent statements, plus closing argument Aaron rebuttal. I'm pretty familiar with the case I was the one who argued it. And what the court held in that case is they had held second prong plain error, because of the combination of prior consistent statements that should not have been admitted. And, and the, and the improper closing argument shifting the burden of proof it's really quite closely aligned with this case. So I cited many, many cases in the, in this brief of mine. So I cited many cases. In fact, if the court will look at the reply brief near the beginning. I cited about five or six cases that were closely aligned with the present case, where the court found plain error. And it was similar to this case because it involved the admission of prior consistent statements and closing argument error, all combined intertwined to improper improperly improperly bolster the credibility of the complaining business. So, who was bolstering the credibility of the contain the complaining witness the questions that were asked. Yeah, were you're submitting they were bolstering the hearsay statements that you're submitting. Those were really going to prove the sequence of events as opposed to the truth of the matter asserted weren't they. No, that is, I disagree with the state on that. I think the state tried to make an argument that there was a non hearsay purpose. But what they elicited it was the sub, what they could have done was they could have elicited that they had a conversation with Denise and Olivia, and then JC went to the police, and that probably would have been okay. But what the state actually did is they elicited the substance of the conversation, meaning the defendant right me. So what the state elicited to bolster the credibility of the witness is that the state elicited that JC told Denise and Olivia Rubin rate me and then Denise Olivia made was listed that they made improper opinion testimony response saying that's not okay and that's close to a quote. And then even in closing, they did that with the police. They did that with the with the Child Advocacy Center, and then in closing argument they actually use this as a for the truth of the matter asserted, because what the state said was that JC convinced the police and the Child Advocacy Center that she was telling the truth. So obviously wasn't there was no objection, no objection so no no post trial motion listing that. No, no, but it's, it's that prior consistent statement that increased the prejudicial effect of the improper hearsay, and the improper opinion testimony so no I, I disagree with the state wasn't offered for non hearsay purpose because, you know, JC testified that the that she told the cousins. I mean the neighbors that Ruben had raped me, so they offered it for the truth of the matter asserted. Council, how do we get around all this there's no objections. It comes in, how do we not conclude this was Council's trial strategy. Well I have. I have cited several cases and I believe I've been very thorough. And in fact, very close to the beginning of the reply brief, maybe the first or second or third page. I cited about five or six cases where the court reverse based on plain air and outside a few because I haven't my notes. The bowling case people versus bowling fourth district 2014 people versus virgin first district 1998 people versus Rivera first district 1996. And then the Miller case which is one I handled back in 1998. And in all of those cases, defense counsel on appeal did not raise the issues and effective assistance. The defense counsel raised the issue is plain error. So I believe that my position of relying on plain air, as opposed to ineffective assistance of counsel is well supported by many, many cases, and I defer to my reply brief. And of course my opening brief on my reply brief, which I think I cited those cases around the second or third page so I don't believe I have to rely on ineffective assistance. So I understand your, your position is it's the combination of this multiple opinion testimony coming in through the hearsay statements, together with the errors in closing argument shifting the burden, so it's the combination of the two that creates the plane error. That is correct by would expand on that to some degree. It was prior consistent statements, being inadmissible hearsay, plus improper opinion testimony, because the J. The, the Olivia, the police, and the Child Advocacy Center gave your opinion as to whether or not JC was believable that state elicited that through JC, they didn't have the testimony of those witnesses. And even if they did it's improper to give an opinion on a defendant's guilt or innocence. So hearsay prior consistent statements, improper opinion testimony, then the closing argument which was quite pervasive in the rebuttal, where they made the statements. So how would have Defense Counsel gotten into evidence. The fact that the plaintiff or the victim went to the police, but the police weren't there to testify about anything, or that she went and talked to an investigative agency but they weren't there to corroborate or establish the validity of her claims, and that they couldn't get into evidence why she left. And basically that Denise, and her daughter didn't testify, even though they were supposedly the ones that drove or Denise was the one who drove her to the police station so how, how does a defense counsel get that evidence into the case so he can tell the jury that where are all these witnesses that supposedly this person had some interaction with and who supposedly could corroborate this, but the evidence is so thin because they're only two witnesses and Guadalupe is questionable even though she's crying in a closet and says to the victim, I don't want to see you anymore. So, how does a defense counsel, get that evidence before the jury. Well, what the defense counsel did in this case is he, he argued pretty consistently in his closing argument that the evidence was very thin and weak, and he argued that the state did not prove its case beyond a reasonable doubt. And I think he did what your honor is pointing to as he pointed out to several deficiencies in the evidence, lack of witness corroboration. That's precisely what I'm arguing here on on appeal, is that the evidence is closely balanced because of a lack of evidence in this case, I'm not arguing that the evidence is insufficient under the Jackson versus Virginia standard but I am arguing is under the Illinois Supreme Court's court case that recently discussed this is that the evidence, although sufficient is very close, and I did cite that case in my brief, as close to. Are there any other questions from the panel. No, no, thank you. Okay, thank you. Your time is up plus a few questions. You'll have an opportunity to make rebuttal Mr. 11. Thank you, Mr. London, you may proceed. Please the court counsel. Your Honor. The defense tries to make many convoluted arguments with multiple subparts and both their opening brief and in their reply. The people's response is simply that there was no error. If there was any error, it was clearly invited and and invites this court to review the statements of both the victim in in the, the prior consistent statement, as well as the prosecutor and closing. The rebuttal the statements in rebuttal that everybody was a liar was invited by the closing of the defense. Yes, definitely. I mean, we have actually a recent example which is not, you know, binding on this court, but in the Derek Chauvin case, you know the court affirmed an objection. You know, continually, the prosecutor kept saying, you know, story story story. We're citing television. No, we're not I'm just, you know, citing that as as a recent example but no I cited again probably more exhaustively than ever have gone through the exact comments by defense counsel and the exact comments by the people that that time after time after time. The the defense attorney said, and I basically, you know, specifically can quote that the story was unbelievable unreliable impossible. Defense counsel we agree did not use the term lying did not officially call the victim, a liar, or Guadalupe, but this was arguably and I stick to my guns, this is arguably the most pervasive example I've ever seen where defense counsel, basically said, the, the victim is a liar, her stories are improbable, impossible. IE a liar, and there was no corroboration, what kind of corroboration. If I may interrupt that says that what this prosecutor didn't rebuttal is error. And the concept is based upon the belief that a defendant should not have to prove himself innocent. And so even if the statements were stories are impossible or fantasies. It would be improper I think for the prosecutor to say that the defendant has to prove that the story is impossible, or the defendant would have to prove that the story was fantasy or whatever. There is nothing that the defendant has to do, unless he's raising an affirmative defense to do anything. And so anytime a prosecutor makes the statement that the defendant has to do something is error. And so, let's proceed on the basis that this was error, and it was patent error. Now the question is, was it harmless patent error. Was it based upon the fact that this was part of trial strategy, and that as Justice Shostak suggested, the jury was surprised of all the things that supposedly were being raised, albeit in an erroneous categorization of it, and that we should I'm done. Well, Your Honor, as, as the court is obviously aware, we did argue that even if this court were to find that those statements were erroneous. There, the statements were definitely harmless beyond a reasonable doubt. They were harmless beyond a reasonable doubt, because contrary to defendants position the evidence in this case was overwhelming. We also did analyze case law, showing that in plain error cases, the type of error, even if this court were to find, assuming for argument's sake this is not a hypothetical, and this court would find that the error was patent, that the types of comments still are much less egregious or patent than in other cases that we're finding plain error number one, and number two, in each of those cases, the error was found to be closely balanced, it's not. So you can distinguish Wilson and Ferguson, which the defense relies upon, which are the same issues that you have. Yes, Wilson, Ferguson, Yonker, and this court in Garcia actually did a very good analysis, including. I can distinguish Carbajal, which was this court's earlier decision, and this court said the distinction in those cases. Yes, of course, the general rule is that plain error can lead to reversible error, but it does not when the evidence is not closely balanced and Garcia is much closer to this case than Carbajal, Yonkers, Wilson, etc. And we did distinguish that in our brief and say the reason here is we had the uncontroverted evidence of the victim who consistently stated that defendant was the individual that committed these acts, consistently stated what the acts were, and those were corroborated by both her aunt Guadalupe's testimony and by the consciousness of guilt of defendant fleeing. Counsel, you just said that the victim consistently testify. Isn't that the whole point of all these prior consistent statements that she told Denise the same thing she told the police she told the Child Advocacy Center and all of that comes in. Why is that not alone, reversible error, let alone the combination of that and burden shifting. Okay, let me digress for one second then I'll address your question. When I say she consistently testified I'm not saying she consistently testified to multiple statements. I'm saying she consistently testified in that she said what what defense counsel later termed her stories. I'm saying she's in her testimony. Correct. There was not multiple statements and I'm sorry but defense counsel is completely incorrect to suggest that there were multiple consistent statements there was one brief statement where the the victim explained that when she was a 13 year old girl kicked out of her aunt's apartment by her aunt and confronted that she had done something wrong by having sex with the defendant that she ran crying out of that apartment was found by the neighbor and the neighbor's daughter, and she made one brief statement that I didn't want to tell her I was embarrassed. Well, what did you eventually say I said I was raped they said that was wrong, and you should go to the police. That was not for the truth of the matter, it was merely to explain the sequence of events. If it didn't matter why introduce it, because it is pretty prejudicial don't you think, I didn't say didn't matter I said it was introduced for the sequence of events it was not introduced for the truth of the matter asserted. Secondly, we also noted that to the extent that that again if it was error, or if it was problematic. It was harmless beyond a reasonable doubt, because the defense kind of has it backwards. If we had brought in the police officers to testify to what she said, if we were in the child advocacy center to testify to what we said, if we had brought in the neighbor. And again, they couldn't bring in the neighbor's daughter because there was testimony that she was deceased at the time. But if they brought in the neighbor to testify as to what that would be improper bolstering and improper opinion. All we brought it in was, though, I'm sorry, done that in this case, I guess they could have but I believe that there would have been objections by the defendant that that was improperly bolstering with prior consistent statements. But yes, they were potentially available for that purpose. Was there any objections to the statement that that they submit is hearsay. Of course not. And that and that was our point was not only were there no objections, but that that under the the rules as and case law that we stated including, you know, that that that because the statement was made by the victim herself. It was one merely cumulative, therefore it wasn't as harmful. And to she was available for cross examination, and she was cross examine. We also noted in our opening brief that it was the defense who had brought out the concept in their opening that the victim went to the police and went to the child advocacy center. So, any error, if it was was lessened by the fact that it was first raised by the defense. Okay, Council now back to the question that I asked you the combination of those things. Why is that not error. Again, the combination. Again, assuming that this court were to find that those were both error. The combination. Let's make that assumption. Yes. And that's, that's how I'm responding as I did in my brief, the, the, the fact is that the errors. If so would be harmless, because the evidence was overwhelming. And even in cases, and and again the people cited case law, even in cases where the errors were preserved. This court has found that, and the courts have found that if the error is harmless because the evidence was overwhelming or very strong, that that in itself would not lead to reversible error, that it is even much more difficult and there's the defendants burden to demonstrate in a case where the error isn't preserved, that this rises to level of plain error, which the defendant has not done so. Okay. The people just want to mention a couple of concepts raised for the first time on in the reply brief that obviously we didn't have an opportunity to respond to in our opening brief, which will rely on for the most part. The main one is the concept of foundation, or lack of reliability of Guadalupe's statement defense raises for the first time and reply that there was either no foundation or was brief or fleeting. The fact is that the the prosecutor commented, and it's hard on, of course, on the cold record, but the prosecutor commented that Guadalupe appeared quite friendly to the defense attorney, and was clearly reluctant to testify against the defendant, you know her, the father of her children. But the fact is she did clearly state what defendants testimony was. We would note for the record that there was a translator. So we're not sure exactly what what her comment was, but when asked to explain what she meant by I was with the victim. She explained specifically that that meant that he had sexual relations with her. She also explained that he blamed both the victim for pulling her shorts down. That doesn't make a lot of sense that he was with her. I went to a restaurant with her. If she was pulling her shorts down and to that, he also blamed Guadalupe for not monitoring more closely. But then again, his apology and also for the record, to the extent that defense counsel argues that the record clearly established that defendant didn't flee, that he was going to visit his sick mother. That is not what the evidence at trial suggested. The evidence at trial was that defendant left suddenly that the mother of his child that was, you know, two or three months old was not advised why he left. She didn't have a way to contact him. He didn't tell her why he left. He didn't provide any support for her. On his return, she merely speculated that it might have been because of a sick mother, but she did not testify to that. And when the people objected to defense counsel's comment that he left because of his sick mother, that was sustained. An objection was sustained by the trial judge. Your time is up. Are there any other questions from the panel? I have nothing. No, thank you, Your Honors. Thank you, Mr. Paulson. Mr. Levin, you may proceed with your five minutes of rebuttal. Yes, Your Honor. Thank you. The prior consistent statements were used to prove the truth of the matter asserted. And one piece of support I'd like to offer about that, which is in my brief, is the closing argument. Because in the closing argument, the state specifically said that the police and the child advocacy center were convinced that J.C. was telling the truth. That's an improper comment because what the police and child advocacy opined or believed was the case is very highly prejudicial. So. The fact that there was this is shows the reason it has to do with proving the truth of the matter asserted, which is hearsay rather than a non hearsay purpose. If the defense if the police proceed with a prosecution, isn't it inherent or implied that they believe the victim or they would not proceed with the prosecution? Well, the state, the prosecutor explicitly stated that in the closing arguments, perhaps a jury could surmise that that's what the police believed. But when the when the state specifically makes that argument, you know, based on the fact that J.C. told the the neighbors that J.C. told the police that J.C. told the advocacy center that Ruben raped me. The state could have done things differently. They didn't have to elicit testimony that Ruben said I raped her. They could have just elicited the basics that they had a conversation. I appreciate what you're saying. You're you're submitting to us that I've under either prong that you're going to you could be successful or you should be successful. But under the 2nd prong prong, don't you have to show extreme serious error? And how did you show that here? Under the Ewell case, I had to show that the error is flagrant, and I believe I passed that test for a lot of reasons. I defer to my brief, but I'll list them now. One reason is this rule about burden shifting is decades old. The state should know better than making a statement like that in the rebuttal. That's flagrant. No, he submits that that was invited because in the closing defense brought brought in to their closing statements that invited that. Well, wait a minute. You're going to say that you have to find every single person is a liar in order to satisfy what the defense is saying. How is that not invited? Well, there are 2 rebuttals I raised to that argument. The 1st rebuttal is that even if it was invited, the state, as a matter of law, is not entitled to burden shift. I cited cases to support that in my brief. The 2nd point is there was no improper argument. The state did not object to the defense counsel's argument. Nobody was objecting that day, huh? Apparently not. Defense counsel did not make any improper arguments. He simply pointed out that there's a lack of corroborating evidence and that there was insufficient evidence to prove guilt beyond a reasonable doubt. So there's no invited error. Alternatively, invited error is irrelevant. And if it is relevant, then counsel did not invite the error because he did not say anything improper. He just simply pointed to deficiencies in the evidence. He did not even say that Guadalupe and JC were liars. What he was really saying is that the lack of evidence indicated that his client should be acquitted because the state has a burden of proving guilt beyond a reasonable doubt. So under the invited error argument, no invited error, or in the alternative, even if there was invited error, the state cannot raise that as a matter of law because burden shifting is a special species, which is beyond allowing the state to go ahead and respond. Short of it, counsel, is the cumulative error, in your opinion, is the extraordinarily serious error. All of them together. Yeah, there's so many of them here. There's the closing argument rebuttal. There's the improper here. It was done over and over again because it wasn't just the neighbors. It was done with the police and the child advocacy center. The improper opinion testimony, which was, you know, where Olivia said that, and Olivia and Denise said that, that's not okay, what Ruben did to you. That's opinion evidence bolstering JC's credibility. And then in closing argument, the state says the police and the child advocacy center believed and opined that JC was telling the truth. So that's a conclusion based on improper opinion testimony. So there's a lot of errors here multiple on several different fronts. And I cited about five or six cases which are closely aligned here in my brief, particularly my reply brief, where I listed them all bowling Miller. Also, could I ask a question, please, you indicate that you believe that it was a flagrant foul to suggest that the defendant had a bird to prove anything. Oddly, though, defense counsel didn't object to that flagrant foul. He didn't even yell at the referee. And so I'm curious as to if this was a flagrant foul and this lawyer was competent. Why didn't you raise ineffectiveness of counsel in so far as his failure to object to all the things that you claim were error that were apparently affirmative acts done by the state, which a competent lawyer would have objected to. Well, the reason is, is because in my research, I saw multiple cases where the Council on Appeal did not raise this issue as if ineffective assistance. Bowling, there was a reversal for plain error, no issue of ineffective assistance of counsel raised. Same with people versus Virgin. Same with people versus Rivera, same with people versus Miller. So I relied on well-established case law, not just one case, but perhaps five or six cases cited in my reply brief, where the defense counsel did not raise ineffective assistance of counsel and prevailed under the plain error rule. The ineffective assistance counsel claim invites, and I wrote a 50-page brief, too, on the opening brief. There was a lot to cover. I wanted to be thorough and address all the arguments that the state might make that, and I couldn't go over 50 pages. So as a matter of my strategy, I relied on plain error cases where the defendant prevailed with no ineffective assistance counsel raised, rather than dilute those arguments. And I didn't by raising ineffective assistance of counsel is unnecessary for me to raise that, and it wouldn't. Thank you. You've answered the question. Thank you so much. Are there any other questions from the panel? None. Are there any other questions from the panel? No, thank you. No. Thank you. Your time is up, sir. We will take the case under advisement, and I would ask the clerk now to close out the proceedings.